IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JANE DOE | ) |
| | ) |
| v. | ) Case No. 3:24-cv-00503 |
| | ) |
| PAUL DRAKE HARRIS | ) |

TO: Honorable Aleta A Trauger, United States District Judge

R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered May 14, 2024 (Docket Entry No. 11), the Court referred this action, in which Defendant proceeds *pro se*, to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure.

Pending before the Court is Plaintiff's motion to dismiss (Docket Entry No. 13) counterclaims that have been brought by Defendant. Defendant has not responded to the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTED** and that Defendant's counterclaims be **DISMISSED**.

I. BACKGROUND

Plaintiff,[1] a resident of Tennessee, brought this action on April 23, 2024, against Paul Drake Harris ("Defendant"), also a resident of Tennessee. Plaintiff brings claims for relief under 15 U.S.C. § 6851 to redress the alleged nonconsensual transfers of intimate visual depictions of her using instrumentalities of interstate commerce. Specifically, Plaintiff alleges that, between

---

[1] By Order entered April 23, 2024 (Docket Entry No. 7), the Court granted Plaintiff's motion to proceed under a pseudonym and for a protective order barring the dissemination of her true name and requiring that any documents containing her true name be filed under seal.

August 2022 and April 2023, Defendant, without Plaintiff's consent, uploaded 26 separate intimate videos and images of Plaintiff to an account on an internet website, falsely implied that the account belonged to Plaintiff, and linked the account to Plaintiff's Instagram account and a phone number. Plaintiff also alleges that she began to receive direct messages on Instagram from other individuals about the images. She further alleges that Defendant (1) sent text messages to her husband that included intimate and/or nude images of her and (2) sent a screen recording of images to Plaintiff's mother-in-law on Instagram. Plaintiff alleges that Defendant was arrested and charged on February 6, 2024, with state crimes based upon these events. *See* Complaint (Docket Entry No. 1).[2]

On Mary 13, 2024, Defendant filed an answer to the complaint, largely denying the allegations of wrongdoing and alleging that Plaintiff and Defendant were involved in a consensual sexual relationship that eventually stopped. *See* Answer (Docket Entry No. 10). In conjunction with his answer, Defendant brings a counterclaim against Plaintiff, alleging that Plaintiff has fabricated many of the allegations in her complaint, was herself responsible for posting intimate images on the internet, and has framed Defendant for the purposes of causing emotional distress to him. *Id.* at 4-7. Defendant brings counterclaims against Plaintiff for defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress. *Id*.

In response to the counterclaims, Plaintiff filed the pending motion to dismiss. Plaintiff argues that Defendant fails to state claims upon which relief can be granted because his allegations are not sufficient to support plausible claims under any of the legal causes of action

---

[2] Neither party's filings indicate the current status of these charges.

that he brings as counterclaims and, further, that the face of the counter-complaint shows that Defendant's counterclaims are barred by the applicable statutes of limitation. *See* Plaintiff's Memorandum in Support (Docket Entry No. 14).

As of the date of this Report and Recommendation, Defendant has not made a filing in response to the motion to dismiss.[3]

## II. STANDARD OF REVIEW

Plaintiff's motion is reviewed under the standard that the Court must accept as true of all the well-pleaded allegations contained in the counter-complaint and construe the counter-complaint in the light most favorable to Defendant, as the non-moving party. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Because Defendant is a *pro se* litigant, the Court is also required to view his counter-complaint with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Although the counter-complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that [the opposing party] has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well-pleaded factual

---

[3] Local Rule 7.01(a)(3) provides that a response to the motion to dismiss was due within 14 days after service of the motion. Plaintiff's motion was filed on June 3, 2024, and was certified to have been mailed to Defendant on June 3, 2024. *See* Docket Entry No. 14 at 13. Even allowing for the additional 3 days provided for by Fed. R. Civ. P. 6(d), Defendant has had more than double the permitted time to file any response in opposition to the motion to dismiss.

3

allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

### III. ANALYSIS

After review of the record in this case, the Court finds that Plaintiff's motion to dismiss the counterclaims should be granted. First, Defendant has not responded in any manner to the motion. Under Local Rule 7.01(a)(3), his failure to file a response to the motion indicates that there is no opposition to the motion. *See also Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470 at *2 (6th Cir.1989) (unpublished table decision) ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."). Although the Court recognizes that Defendant is proceeding *pro se*, that does not excuse him from complying with the Local Rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). *Pro se* parties "must follow the same rules of procedure that govern other litigants." *Aug. v. Caruso*, 2015 WL 1299888, at *6 (E.D. Mich. Mar. 23, 2015). *See also Fields v. County of Lapeera*, 2000 WL 1720727 at *2 (6th Cir. Nov. 8, 2000) ("[I]t is incumbent on litigants, even those proceeding *pro se*, to follow the rules of procedure.") (citation cleaned up); *Looper v. Educ. Credit Mgmt. Corp.*, 2008 WL 2965887, at *8 (E.D. Tenn. July 30, 2008) (plaintiff's "*pro se* status does not exempt [her] from complying with the rules of procedure."); *Greer v. Home Realty Co. of Memphis Inc.*, 2010 WL 6512339, at *2 (W.D. Tenn. July 12, 2010) ("Although district courts may liberally construe the federal and local rules for

*pro se* litigants, even *pro se* litigants are obligated to follow these rules"). Likewise, Defendant's failure to take action to defend against the request for dismissal of his counterclaims indicates that he does not oppose their dismissal and/or that he has abandoned his counterclaims. *See Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir. 2007) (affirming the district court's conclusion that the plaintiff abandoned certain claims by failing to raise them in his brief opposing the government's motion to dismiss).

Second, Plaintiff raises sound arguments for the dismissal of the counterclaims by pointing out deficiencies in the counterclaims brought by Defendant and by raising a statute of limitations defense. Given the lack of a response from Defendant that rebuts these arguments for dismissal, it is not the duty of the Court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992). *See Cunningham v. Enagic USA, Inc.*, 2016 WL 5415106 at *2 (M.D.Tenn. Sept. 28, 2016) (Sharp, J.) ("This Court is not required to develop legal theories and arguments in Plaintiff's stead in order to defeat the motion to dismiss."); *Birmingham-Jefferson Cnty. Transit Auth. v. Boatright*, 2009 WL 2601926 at *1 (M.D. Tenn. Aug. 20, 2009) (Campbell, J.) (favorably citing *Guarino* in review of motion to dismiss for which there was no response). In the absence of any type of response from Defendant, it is not the Court's duty to make arguments on his behalf for why the counterclaims should not be dismissed.

# R E C O M M E N D A T I O N

For the reasons set out above, it is respectfully **RECOMMENDED** that Plaintiff's motion to dismiss (Docket Entry No. 13) the counterclaims brought by Defendant be **GRANTED** and that Defendant's counterclaims be **DISMISSED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

    Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge